```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSE VIROLA,                                                  :
                                                              :
                              Plaintiff,                      :
                                                              :         OPINION AND ORDER
              v.                                              :         12 Civ. 1005 (ER)
                                                              :
THE ENTIRE GRVC DEPARTMENT                                    :
OF MENTAL HEALTH HYGEINE                                      :
SERVICES and DR. ROSENTHAL,                                   :
                                                              :
                              Defendants.                     :
-------------------------------------------------------------x
```

RAMOS, D.J.:

While incarcerated, Jose Virola ("Plaintiff"), appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Rosenthal ("Defendant"), a mental health clinician purportedly assigned to the "GRVC Mental Health Team." Am. Compl., Doc. 7. Plaintiff claims that, after he got into a fight, prison authorities placed him in punitive segregation, which caused him to become depressed and resulted in self-harm. *Id.* Plaintiff alleges that while he informed Defendant of his mental condition, Defendant was deliberately indifferent to his medical needs. *Id.*

For the reasons set forth below, the Court hereby DISMISSES Plaintiff's claims for failure to prosecute, without prejudice.

I. Background

Plaintiff initiated the instant case on February 8, 2012. Doc. 2. By order dated March 20, 2012, the Court dismissed Plaintiff's claims against The Entire GRVC Department of Mental Health Hygiene Services and granted Plaintiff's request to proceed *in forma pauperis*. Doc. 5. On April 10, 2012, Plaintiff filed the Amended Complaint, which names Dr. Rosenthal as the

sole defendant. Doc. 7. On January 25, 2013, Defendant filed his Answer. Doc. 22. Thereafter, the parties participated in court conferences and engaged in discovery, including Defendant's deposition of Plaintiff at the Groveland Correctional Facility in Sonyea, New York, on April 18, 2013. *See* Ex. F to Def.'s Mot. Summary Judgment, Doc. 39.

On June 18, 2013, the Court issued an order establishing the following deadlines for Defendant's proposed motion for summary judgment: Defendant's memorandum of law was to be served by August 30, 2013; Plaintiff's opposition by September 30, 2013; and Defendant's reply, if any, by October 14, 2013. Doc. 31 (the "Scheduling Order"). On June 19, 2013, the Clerk of the Court mailed a copy of the Scheduling Order to Plaintiff at his last known address: Groveland Correctional Facility, 7000 Sonyea Road, P.O. Box 50, Sonyea, NY 14556-0050 (the "Groveland Correctional Facility Address"). *See* Docket, 12 Civ. 1005 (Minute Entry 6/19/2013). On August 19, 2013, the Clerk of the Court received notice that the mailing to Plaintiff was returned for the reason "refused – unable to forward." *Id.* (Minute Entry 8/19/2013).

On August 29, 2013, Defendant filed his motion for summary judgment and supporting documents. Docs. 32-39. Defendant's submission included the required "Notice to Pro Se Litigant Who Opposes A Motion For Summary Judgment," which specifies that, pursuant to Federal Rule of Civil Procedure 56, a possible consequence of Plaintiff's failure to timely respond to Defendant's motion is dismissal of Plaintiff's case. Doc. 32.

On January 15, 2014, having received no opposition from Plaintiff to Defendant's motion for summary judgment, the Court issued an order (the "January 15, 2014 Order") directing Plaintiff to respond to Defendant's motion for summary judgment by February 14, 2014 and reminding Plaintiff that failure to prosecute his claim or failure to comply with the Court's orders

may result in dismissal of his case pursuant to Rule 41 of the Federal Rules of Civil Procedure. Doc. 41. On January 28, 2014, the Court received as returned and undeliverable the copy of the January 15, 2014 Order that it had mailed to Plaintiff's Groveland Correctional Facility Address. *See* Docket, No. 12 Civ. 1005 (Jan. 28, 2014).

It is Plaintiff's obligation to inform this Court's *Pro Se* Office of any change of address. *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. Jul. 17, 2000). To date, the Court has not received any correspondence or notice of change of address from Plaintiff indicating that he is no longer at the Groveland Correctional Facility Address.

## II. Dismissal Without Prejudice Pursuant to Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Unless the dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. *Id.* District courts have discretion to effect dismissal pursuant to Rule 41(b). *See Hibbert*, 2000 WL 977683, at *1 (citing *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). The Second Circuit has cautioned, however, that the discretion to dismiss a case under Rule 41(b) should be exercised sparingly and only when the district judge is "sure of the impotence of lesser sanctions." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980); *accord Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

To determine whether to dismiss a case under Rule 41(b) for failure to prosecute, district courts employ a balancing test that considers the following five factors: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in

dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the district judge had adequately assessed the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999); *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994).

The Court finds that dismissal of Plaintiff's claims without prejudice under Rule 41(b) is warranted. First, Plaintiff has failed to take any action with respect to his claims during the time period from at least June 18, 2013 to February 20, 2014. Additionally, as of the date of this opinion, he still has not complied with the January 15, 2014 Order directing him to submit his opposition to Defendant's motion for summary judgment. *Hibbert*, 2000 WL 977683, at *3 (dismissing claims under Rule 41(b) where over six months elapsed after plaintiff's receipt of a proposal to remand); *Chira*, 634 F.2d at 666-67 (failure to take any action during six month period justified dismissal under Rule 41(b)).

Second, Defendant's motion for summary judgment papers, Doc. 32, as well as the Court's January 15, 2014 Order, clearly put Plaintiff on notice that failure to respond to Defendant's motion may result in dismissal of his claims. Moreover, regardless of whether Plaintiff actually received notice that delay could result in dismissal, it remained his duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address. *Hibbert*, 2000 WL 977683, at *2 (citing *Smith v. Human Res. Admin. of New York City*, No. 91 Civ. 2295, 2000 WL 307367, at *2 (S.D.N.Y. Mar. 24, 2000)); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (granting Rule 41(b) motion despite plaintiff's non-receipt of

4

the court's order to comply with discovery requests or be subject to dismissal for failure to prosecute).

Third, prejudice to Defendant can be fairly presumed where, as here, there is a delay of more than six months and Plaintiff neither replied to the Court nor defense counsel's attempts to reach him during that timeframe. *Chira*, 634 F.2d at 666-68 (six-month delay caused prejudice); *accord Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (noting that delays supporting dismissals have ranged from a matter of months to a period of years); *but see U.S. ex rel. Drake*, 375 F.3d at 255 (presumption of prejudice is rebuttable (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). Here, dismissal under Rule 41(b) is appropriate because Plaintiff has failed to respond to Defendant's motion, failed to keep the Court apprised of his address, and failed to respond to the January 15, 2014 Order. *Ashley v. City of New York*, No. 02 Civ. 3085 (LAP) (RLE), 2003 WL 1624215, at *2 (S.D.N.Y. Mar. 25, 2003) (dismissing without prejudice *pro se* plaintiff's claims under Rule 41(b) where over a year elapsed since he had filed his complaint and service had not been effectuated).

Fourth, dismissal of Plaintiff's claims without prejudice does not violate his due process rights. While Plaintiff has had the opportunity to be heard, he has failed to pursue his claims for a period of more than six months or to notify the Court of a change in address. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at *3. However, because Plaintiff's delay has not impacted the trial calendar, the Court finds that this factor also supports dismissal without prejudice, as opposed to adjudication on the merits. *See, e.g., Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (dismissal without prejudice would have

served the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order).

Fifth, due to Plaintiff's failure to maintain contact with the Court, dismissal, rather than a further extension of time, is appropriate. "[A]ll litigants, including *pro se* litigants, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Baba v. Japan Travel Bureau Int'l, Inc.*, 165 F.R.D. 398, 402 (S.D.N.Y. 1996), *aff'd*, 111 F.3d 2 (2d Cir. 1997) (quoting *McDonald v. Head Crim. Court Supervisor Off'cr*, 850 F.2d 121, 123 (2d Cir. 1988) (internal quotation marks omitted)); *see also Barclay v. Doe*, 207 F. App'x 102, 104 (2d Cir. 2006) (upholding dismissal of with prejudice under Rule 41(b) where *pro se* plaintiff defied discovery order). Policy concerns also militate in favor of dismissal. As the Second Circuit has recognized, "[d]elays have dangerous ends," and "exhortations of diligence are impotent" unless district judges appropriately wield the power of dismissal. *Chira*, 634 F.2d at 668. However, because the Court finds that lesser sanctions than dismissal with prejudice are potentially viable, and due to his *pro se* status, Plaintiff's claims will be dismissed *without* prejudice. *Lyell Theatre Corp.*, 682 F.2d at 43 (when imposed, the sanction of dismissal under Rule 41(b) "operates as an adjudication upon the merits, but may be without prejudice if so specified by the court imposing it" (citation and quotation marks omitted)); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (Rule 41(b) dismissal [with prejudice] to be used with caution because "*pro se* plaintiffs should be granted special leniency regarding procedural matters").

## III. Conclusion

For the reasons set forth above, Plaintiff's claims are DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 36, and close this case.

It is SO ORDERED.

Dated:   February 20, 2014
         New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.